JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA

605 West 4th Avenue, Room 138, Anchorage, AK 99501-2296 - (Website: www.akb.uscourts.gov)
Clerk's Office 907-271-2655 (1-800-859-8059 In-State) - Judge's Fax 907-271-2692

**Filed On**
**8/10/05**

In re

JOHN ANTHONY COMOZA and MICHELE MARIE COMOZA,

Debtor(s)

Case No. A04-01454-HAR
In Chapter 7

MEMORANDUM REGARDING *SUA SPONTE* ORDER DENYING DEBTORS' MOTION TO SET ASIDE CASH ALASKA'S POST-PETITION UCC FILING, ETC.

I have reviewed debtor, John Comoza's, *pro se* motion to set aside a claimed post-petition UCC filing by Cash Alaska, a sale and ownership claim in the debtors' interest in Knik Sand & Gravel, LLC.[1] On procedural and substantive grounds, it will be denied without prejudice, although Cash Alaska has not yet filed an opposition.

1. SETTING ASIDE A POST-PETITION TRANSFER REQUIRES AN ADVERSARY PROCEEDING BY THE TRUSTEE (EXCEPT REGARDING EXEMPTIONS)- Mr. Comoza filed a calendar request asking for a hearing in 14 days, and requested the court act on his motion.

Only the trustee is authorized to avoid a post-petition transfer.[2] It must be challenged by an adversary proceeding.[3] The motion will be denied without prejudice to filing an adversary

---

[1] Dkt 95.

[2] 11 USC § 549(a).

[3] FRBP 7001(1); 10-7001 *Collier on* Bankruptcy, ¶ 7001.03[1] (15th ed rev 2005); *and see,* FRBP 6001 (the party asserting the validity of the transfer has the burden of proof).

proceeding by the proper party. The debtors are not the proper parties to bring a proceeding to avoid a post-petition transfer (except in aid of their exemptions), nor have they chosen the proper procedure.

The debtors might have standing to file an adversary proceeding in aid of an exemption under 11 USC § 522(h), but the amount involved is minimal (about $10,000 maximum) compared to the total value of the debtors' interest in the Knik Sand & Gravel, LLC. There may not be any money left for a pour-over exemption under § 522(d)(5),[4] in any event. And, this, also, must be done by an adversary proceeding, not by motion.

2. STAY HAS BEEN LIFTED, AND THE MOTION APPEARS TO BE A COLLATERAL ATTACK- The debtors filed a chapter 11petition; the case was converted to a chapter 13 proceeding. Multiple chapter 13 plans were proposed. In the final one, the Third Amended Plan, debtors proposed abandoning the interest in Knik Sand & Gravel, LLC, and focus on saving their home.[5] At a confirmation hearing on June 29, 2005, they indicated a further amended plan was to be filed.

The Cash Alaska relief from stay motion was on the calendar on June 29, also. The court ordered that the Cash Alaska's motion be granted since the property was not part of the chapter 13 property to be retained. A relief from stay order regarding the interest in Knik Sand & Gravel, LLC was entered on June 30, 2005.[6]

---

[4] 11 USC § 522(d)(5); *see*, Dkt 18, Schedule C.

[5] Dkt 76.

[6] Dkt 37 (motion); Dkt 79 (order lifting stay on the interest in Knik Sand & Gravel, LLC).

The court set a confirmation date on the anticipated Fourth Amended Plan,[7] but the debtor voluntarily converted to chapter 7 on July 6, 2005, before that hearing.[8]

To my recollection and from my review of the record, the debtors did not challenge the Cash Alaska lien on the debtors' interest in Knik Sand & Gravel, LLC on perfection grounds. The time to appeal the lift stay order has long past.

Debtors' present motion regarding a post-petition perfection, if it is factually correct, appears to be mooted by failure of any party to raise the lack of pre-petition perfection in opposition to Cash Alaska's relief from stay motion. Any post-petition perfection may be superfluous. The motion appears to be a collateral attack on the order lifting the stay, which was not appealed.[9]

3. CONCLUSION- The court declines to set the hearing debtors requested on 14 days notice.

A review of our dockets show that Mr. Comoza has not infrequently used the bankruptcy process in Alaska. The court will not bend the basic procedural requirements just because debtors are apparently now representing themselves. The property involved may be worth hundreds of thousand dollars and they must follow proper procedures to be entitled to relief from the court.

---

[7] Dkt 78.

[8] Dkt 80.

[9] In re American Fidelity Corp., 28 FSupp 462, 470 (DC Cal 1939); In re Goodwin, 194 BR 214, 225 (9th Cir BAP 1996).

DATED: August 9, 2005

/s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

Serve:
John Comoza, Debtor
Michele Comoza, Debtor
Terry Draeger, Esq, for Debtors
David Bundy, Esq, for Cash Alaska
Stephen Baker, Asst US Atty, for the IRS
William Barstow, Trustee
U.S. Trustee
8/10/05

D5502

MEMORANDUM REGARDING *SUA SPONTE* ORDER DENYING DEBTORS' MOTION TO SET ASIDE CASH ALASKA'S POST-PETITION UCC FILING, ETC